### PEOPLE v. BANK OF STATEN ISLAND.

### In re MAYER.

(Supreme Court, Special Term, Albany County. January 28, 1911.)

BANKS AND BANKING (§ 77*)—NEGLECT OF RECEIVER—LIABILITY.

A receiver of an insolvent state bank, who fails to enforce a stockholder's liability created by Const. art. 8, § 7, and Banking Law (Consol. Laws, c. 2) § 52, while the stockholder was, for two years subsequent to the dissolution of the bank, financially responsible, is liable for the loss sustained.

[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. § 173; Dec. Dig. § 77.*]

Action by the People against the Bank of Staten Island. Proceedings for the judicial settlement of the account of Joseph B. Mayer, retiring receiver. Account settled.

See, also, 125 N. Y. Supp. 1136.

Jellenik & Stern, for substituted receiver.

Thomas Carmody, Atty. Gen., for the People.

Parker, Hatch & Sheehan (Samuel F. Moran, of counsel), for retiring receiver.

RUDD, J. The sole question submitted to the Special Term upon the application for final order upon the accounting of Joseph B. Mayer, retiring receiver, is whether the accounts of Joseph B. Mayer, as such receiver, should be surcharged to the extent of $5,000, for the reason that as such receiver Mayer failed to bring an action against Howell H. Barnes, a stockholder of the Bank of Staten Island, to enforce his liability as a stockholder holding 100 shares of $50 each of the capital stock of the Bank of Staten Island.

A stockholder's liability is created by article 8, § 7, of the Constitution of the state of New York, and section 52 of the banking law (Consol. Laws, c. 2). The attorney representing John S. Davenport, substituted receiver, and the Attorney General, contend that the account of Joseph B. Mayer, retiring receiver, should be surcharged as

above stated. The referee, upon the accounting, held originally that the accounts of Receiver Mayer should not be surcharged in the manner above indicated. That determination of the referee was reversed by Mr. Justice Fitts at Special Term; the latter holding that in the event that the present receiver, John S. Davenport, was unable to obtain, in an action brought by him against Augustus Prentice and others, sufficient to cover the indebtedness due by the Bank of Staten Island to the depositors, that the act of Receiver Mayer in failing to institute an action to recover from Howell H. Barnes, a stockholder of the Bank of Staten Island, the amount of the par value of stock owned by him at the time of entry of judgment dissolving the banking corporation, was such an act of omission of duty as to necessitate the surcharging of his account with the par value of such stock.

An order was also made remitting the question again to the referee, before whom testimony was taken relating to the facts controlling the action of Receiver Mayer in failing to institute an action against Barnes. Such testimony was taken, and the referee again reports to the court, holding that the accounts of Receiver Mayer should not be surcharged because of his failing to bring the action against Barnes upon his alleged stock liability.

The testimony taken before the referee upon the hearings held after the question had been sent back to him by the Special Term related principally to correspondence had between Receiver Mayer and his counsel. It in effect indicates that Mayer was conscious of the fact that the duty rested upon him to institute the action against Barnes. The result of the correspondence seemed to be a failure on the part of Mayer to induce his attorney to bring the action within the period limited by statute.

It is apparent that Receiver Mayer was aware of the provisions of the law. He was conscious of the duty imposed upon him. The fact is Barnes was, for two years subsequent to the judgment of dissolution, financially responsible. A recovery could have been had. The failure to bring the action, assuming it was the neglect of the attorney, resulted in a loss to the estate in the amount of $5,000 and upwards, which could have been collected from Barnes.

I do not find in the testimony taken before the referee any excuse or justification for the neglect in assuming the responsibilities of the receivership. In such an important trust it is only fair that those whose interests are at stake should be protected as against a failure to perform. A receiver, conscious of the responsibility, is bound to force his attorney to take action, which the Constitution and the law provide, for the protection of depositors.

Mr. Justice Fitts has held that the accounts of Mayer, as retiring receiver, should be surcharged to the extent of $5,000, with interest, because of the failure to prosecute an action against Stockholder Barnes upon his stock liability. I see no reason for reaching a different determination. Therefore the determination in this respect reached by the referee is reversed.

The referee's report should be confirmed in so far as the allowance of fees to the receiver is concerned; there being no objection to such allowance, and the Attorney General approving of the same.

There has been paid since the resignation of Joseph B. Mayer, as receiver, under the order of the court, $1,000 as premiums upon his bond. The payment of these premiums was opposed at the Albany Special Term, but Mr. Justice Le Bœuf held that they were properly chargeable to the estate in the first instance; that, if there was any reason why they should not be paid, the matter could be considered upon the final accounting. No question is now raised, and the determination of the Special Term with reference to such payment, therefore, stands.

An order may be prepared to carry into effect the conclusions above stated.